IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al.   )
                                 )
v.                               )   No. 3:01-0706
                                 )   Judge Higgins/Brown
UNIVERSAL-POLYGRAM INTERNATIONAL )
PUBLISHING, INC., et al.         )

To:  The Honorable Thomas A. Higgins, Senior Judge

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Currently pending in this civil action is the renewed motion for attorneys' fees and costs (Docket Entry No. 470) filed by defendant Universal-Polygram International Publishing Inc. ("UPIP"). This motion was renewed following the decision of the Sixth Circuit Court of Appeals[1] affirming this Court's entry of summary judgment in favor of UPIP, vacating this Court's prior partial award of fees and costs, and remanding for further proceedings (Docket Entry Nos. 460-464). The motion has been exhaustively briefed, and was argued at a hearing before the undersigned on August 2, 2005. As explained below, the Magistrate Judge recommends that the motion be GRANTED in part and DENIED in part.

---

[1] Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615 (6th Cir. 2004).

1

## II. DISCUSSION

This Court ordered a partial award of UPIP's attorneys' fees and costs on May 6, 2003, based on its findings that UPIP was a prevailing party; that Bridgeport Music, Inc. ("Bridgeport") employed overly aggressive litigation tactics designed to maximize the settlement value of the case; and that the position taken by Bridgeport in asserting a novel legal theory was objectively reasonable up until September 16, 2002-- the date upon which it became clear that UPIP's pending summary judgment motion would be granted due to the Court's ruling on a co-defendant's motion involving a claim by Bridgeport under the same theory--but not thereafter. (Docket Entry No. 439). Bridgeport took an appeal from this order, which the Sixth Circuit subsequently vacated upon a finding that, while UPIP was clearly a prevailing party, this Court's previous finding of the objective reasonableness of Bridgeport's legal theory would not allow a fee award based upon a finding of the objective unreasonableness of Bridgeport's actions in refusing to concede its claim under that theory after September 16, 2002. <u>Rhyme Syndicate Music</u>, 376 F.3d at 625-29. The Sixth Circuit initially issued the following mandate:

> We remand for the district court to consider in its discretion whether, <u>despite the objective reasonableness of the claim</u>, an award or partial award is warranted based on a weighing of one or more *Fogerty*

> [*v. Fantasy, Inc.*, 510 U.S. 517 (1994)] factors[2] or because an award would otherwise further the purposes of the Copyright Act.

(Docket Entry No. 460, emphasis added). However, upon UPIP's motion for rehearing, the court subsequently amended its mandate to replace the underscored language above with the phrase, "consistent with this opinion" (Docket Entry No. 462). Rhyme Syndicate Music, 376 F.3d at 628-29.[3]

It is noteworthy at the outset that UPIP did not appeal this Court's previous partial award of fees and costs. It now relies on the Sixth Circuit's decision to vacate the original award in order to sow new seed in a field once left to lie fallow. UPIP seeks a vastly increased award of fees and costs--covering "substantially all" such expenses incurred--arguing that the Sixth Circuit's opinion establishes the objective unreasonableness of Bridgeport's claims from the outset due to a total lack of proof of infringing conduct.

While Bridgeport counters that the Sixth Circuit in

---

[2] The U.S. Supreme Court in Fogerty approved the following nonexclusive list of factors to guide the district courts' discretion is awarding attorneys' fees to any prevailing party: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. at 534 n.19 (*quoting* Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3d Cir. 1986).

[3] The Sixth Circuit appears to have changed the language of its mandate so as to provide this Court with the discretion to reconsider its finding of the objective reasonableness of Bridgeport's legal theory; the mandate as originally issued would likely have established the law of the case on this issue. See U.S. v. Moored, 38 F.3d 1419, 1421-22 (6th Cir. 1994). However, as explained below, the undersigned would recommend adherence to the finding of objective reasonableness.

3

fact found its theory objectively reasonable, it appears that the court merely repeated the finding of this Court on that issue, without itself making such a finding either explicitly or implicitly. Thus, the reasonableness of Bridgeport's theory of infringement is not set in stone. See Moored, 38 F.3d at 1422. However, despite UPIP's best efforts, the Sixth Circuit did not disturb this Court's prior finding of objective reasonableness, either. Nor did it address the issue on the merits. What the court did find is that Bridgeport's theory, once found to be reasonable, could not have become unreasonable simply because it was doomed to fail by this Court's ruling on a related motion. Thus, the initial inquiry is whether this Court's finding of objective reasonableness should be revisited in light of the Sixth Circuit's opinion. As further explained below, the undersigned concludes that neither the Sixth Circuit's holding on the merits nor its ruling and mandate with respect to the fee award compels the revisitation of this Court's prior finding of the objective reasonableness of Bridgeport's litigation position prior to September 16, 2002.

In keeping with Fogerty, the Sixth Circuit recognized that there are both factual and legal components to objective unreasonableness, 376 F.3d at 628, and while the factual component has arguably been satisfied in this case by Bridgeport's failure to show any evidence connecting UPIP to

4

alleged infringing activities during the limitations period, the legal component has not.  While UPIP would have the Court overlook the prior, undisturbed (and in fact unappealed) finding by this Court that Bridgeport's reliance on their novel legal theory was not objectively unreasonable, arguing that such finding is "of no continuing significance" due to the "complete absence of proof" against UPIP cited by the Sixth Circuit (Docket Entry No. 470, p. 6), the undersigned is not persuaded.  Having found that Bridgeport failed to prove fundamental elements of its case against UPIP, and thus affirming the judgment of this Court but on alternate grounds, the Sixth Circuit easily could have gone on to find that such a failure would justify a full award of reasonable fees.  It did not do so.

Rather than taking the step that UPIP invites this Court to take by calling the entire prosecution of Bridgeport's case frivolous,[4] the Sixth Circuit (1) noted that the purposes of the Copyright Act are not promoted by awarding fees when the plaintiff has advanced a reasonable, yet unsuccessful claim; (2) did not disturb this Court's finding that Bridgeport's legal theory was objectively reasonable; and (3) remanded only after noting that untoward litigation tactics may weigh in favor of a

---

[4]As Bridgeport notes, the Sixth Circuit did not find it indisputably established that UPIP did not commit any act of infringement, but merely found that Bridgeport had failed to prove the granting of a mechanical license by UPIP or any unauthorized public performance linked to UPIP's receipt of performance royalties during the limitations period.  (Docket Entry No. 472, p. 15).

5

fee award even, it appears, where the plaintiff's theory of recovery is objectively reasonable. See Rhyme Syndicate Music, 376 F.3d at 628. In short, after consideration of the Fogerty factors, the Sixth Circuit opinion in this case, and the purposes of the Copyright Act,[5] the undersigned does not view Bridgeport's failure to marshal evidence sufficient to withstand summary judgment as requiring the requested award of substantially all UPIP's fees since the inception of the litigation. The novelty of Bridgeport's theory and the contentiousness of *both* sides throughout this litigation continue to weigh against a full award of fees and costs to UPIP, despite Bridgeport's overly aggressive litigation tactics, untimely institution of this action, and apparent design to drive up the settlement value of the case.

However, the fact remains that, while not objectively unreasonable as a matter of law, Bridgeport's pursuance of its claims against UPIP after September 16, 2002, without any new facts to offer which might cast doubt upon the outcome, was

---

[5]The ultimate aim of the Copyright Act is "to stimulate artistic creativity for the general public good," by encouraging creative work through securing for the copyright holder a fair return on his investment of creative labor. Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156 (1975). While the objectives of rewarding the copyright holder and deterring infringement are secondary to the objective of promoting the public good by encouraging others "to build freely upon the ideas and information conveyed by a work," Fogerty, 510 U.S. at 1029-1030 (*quoting* Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 349-350 (1991)), it would seem that in this age where digital technology has made new waves in the waters of longstanding copyright jurisprudence, a copyright holder should not be discouraged from pursuing claims under novel legal theories (unless and until their viability is foreclosed), even where it is later discovered that facts which plaintiff reasonably thought might exist, do not exist.

6

patently futile and thus factually (if not legally) frivolous, especially in light of the lack of evidence noted by the Sixth Circuit. The undersigned concludes that these particular circumstances present the need "to advance considerations of compensation and deterrance" in favor of UPIP. The undersigned does not consider this result to be a sanction "simply for electing to await decision on a pending motion," Rhyme Syndicate Music, 376 F.3d at 628, in large part because the decision on that motion was indeed "absolutely foreordained." Id. at 629 (Gilman, J., dissenting in part). Rather, the undersigned deems Bridgeport's pressing of a futile claim to be one more example of the overly aggressive litigation tactics which underscored the Court's prior, vacated award of fees. Indeed, it seems that in forcing the additional, fruitless expenditure of efforts and fees associated with trial preparation, Bridgeport's motive must certainly have been retribution, and/or an effort to extract settlement dollars without any basis for doing so.

      As the previously determined scope of the fee award remains justified under Fogerty, there is no reason to revisit the amount of the award in this case. As the Sixth Circuit noted, this Court did significant work in calculating the lodestar amount, and neither party challenged on appeal this calculation of the amount of fees and costs reasonably incurred. Rhyme Syndicate Music, 376 F.3d at 627. Accordingly, for the

7

reasons stated above, the undersigned concludes that the prior award to UPIP of $79,340.94 in attorneys' fees and $3,409.35 in nontaxable costs should be reinstated. As Bridgeport was in fact successful in its appeal on this issue, it is further concluded that no fees/costs associated with UPIP's defense of that appeal should be allowed.

### III. RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that the renewed motion for attorneys' fees and costs be GRANTED in part and DENIED in part, and that defendant UPIP receive a partial award of $79,340.94 in attorneys' fees and $3,409.35 in nontaxable costs.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 20th day of October, 2005.

                         /s/ Joe B. Brown
                         JOE B. BROWN
                         United States Magistrate Judge